UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**GERALD IVORY MORRIS,**

        **Plaintiff,**

  v.                                                   ACTION NO. 2:04cv405

**WILLIAM E. MAXEY, Clerk,**
**Circuit Court of the County of Powhatan,**
**KEITH CRANE, Court Reporter,**
**Crane-Snead & Associates, Inc.,**
**MICHAEL J. COMBS, Manager,**
**Court & Legal Services,**

        **Defendants.**

**OPINION AND FINAL ORDER**

Plaintiff, a Virginia inmate, brings this pro se action pursuant to 42 U.S.C. § 1983, to redress an alleged violation of his constitutional rights. This matter is before the court on the defendants' motions for summary judgment.

Specifically, plaintiff claims that defendant Keith Crane ("Crane") has destroyed the stenographic notes from plaintiff's sentencing hearing. As a result of this destruction, plaintiff is unable to have the sentencing order corrected to reflect the oral pronouncement of the sentence imposed by the court at his sentencing hearing. Plaintiff avers that the oral pronouncement of his sentence differs from the written pronouncement, and he needs

the sentencing notes to so demonstrate.[1]  Plaintiff maintains that the prison term he is actually serving exceeds his orally pronounced sentence by twenty (20) years.

Plaintiff claims that Crane destroyed the stenographic notes from his sentencing hearing pursuant to Va. Code Ann. § 19.2-165,[2] which allows the destruction of the sentencing notes after ten (10) years, if no appeal is taken.  Plaintiff claims that this statutory provision conflicts with Va. Code Ann. § 17.1-213,[3] which requires that the criminal case file be maintained until the end of plaintiff's sentence term.  Plaintiff claims that the destruction

---

[1] In Virginia, where there is a direct conflict between the oral and written sentencing pronouncements, the oral pronouncement is to be followed; however, "this rule is followed where there is no ambiguity in the oral pronouncement."  United States v. Abdel-Aziz, 67 Fed. Appx. 805, 807 (4th Cir. 2003)(unpublished); see United States v. Morse, 344 F.2d 27, 31 n.1 (4th Cir. 1965).

[2] Va. Code Ann. § 19.2-165 (1950) provides:

> The reporter or other individual designated to report and record the trial shall file the original shorthand notes or other original records with the clerk of the circuit court who shall preserve them in the public records of the court for not less than five years if an appeal was taken and a transcript prepared, or ten years if no appeal was taken.

[3] Va. Code Ann. § 17.1-213(C) (West Supp. 2005), in relevant part, states:

> [A]t the discretion of the clerk of each circuit court . . . . [a]ll criminal case files involving a felony conviction may be destroyed (i) after 20 years from the sentencing date or (ii) when the sentencing term ends, whichever comes later.

of the sentencing notes by Crane has destroyed evidence that plaintiff might have been able to use in an action under Va. Code Ann. § 8.01-428 for the correction of a clerical error.[4] Thus, plaintiff alleges that the destruction of the sentencing notes by Crane pursuant to § 19.2-165 has worked to frustrate plaintiff's access to the courts, thereby denying him due process.[5]

Plaintiff claims that defendant William E. Maxey ("Maxey"), the Clerk of Court for the Circuit Court of the County of Powhatan, sent plaintiff items from his criminal file on April 17, 2003, but did not send plaintiff a copy of his sentencing order. Plaintiff further avers that Maxey did not respond to plaintiff's subsequent requests for his sentencing order, including one request accompanied by $3.00 to pay for copying.

Plaintiff seeks $35,000 in monetary damages. Additionally, he seeks the repeal of § 19.2-165 and submission of the code section for legislative oversight and revision. Plaintiff further requests that defendants Maxey and Crane be enjoined from destroying

---

[4]Va. Code Ann. § 8.01-428(B) (West Supp. 2005), in relevant part, states:

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.

[5]Plaintiff also claims violations of the First, Fourth, and Eighth Amendments. However, plaintiff's allegations simply do not implicate these amendments.

stenographic notes from sentencing proceedings without notice to defendants.  Plaintiff also seeks a declaratory judgment that the only prima facia evidence of his sentence indicates that his total sentence was fifty (50) years with twenty (20) years suspended.[6]

## I.  Procedural History

On July 7, 2004, plaintiff submitted his complaint pursuant to 42 U.S.C. § 1983.  In his complaint, plaintiff appeared to be challenging the validity of his sentence.  Relying on Heck v. Humphrey, 512 U.S. 477, 487 (1994), which held that an action for monetary relief may not be brought under 42 U.S.C. § 1983 if that claim "necessarily implies the invalidity of [the prisoner's] conviction or sentence," the court determined that plaintiff could not bring his claim under 42 U.S.C. § 1983, absent the conviction or sentence being overturned.  Morris v. Maxey, No. 2:04cv405 (E.D. Va. filed July 14, 2004).  By order filed July 14, 2004, plaintiff's complaint was dismissed without prejudice to his right to challenge his sentence through a writ of habeas corpus.  Plaintiff was advised that he could file a § 1983 complaint concerning these issues, if his conviction or sentence should be overturned.  Id.

Plaintiff submitted a motion to amend, or in the alternative, a motion for a new trial on July 29, 2004.  In that motion,

---

[6]It is questionable whether all the relief requested by plaintiff would be available in an action under § 1983.  However, given the determination by this court that defendants have not violated the Constitution, the court will not address the appropriateness of plaintiff's prayers for relief.

4

plaintiff recognized that a petition for a writ of habeas corpus was not available to him because such relief was barred by the statute of limitations. However, plaintiff asserted that he sought 42 U.S.C. § 1983, rather than habeas corpus, relief. Plaintiff further argued that his claim was properly brought under 42 U.S.C. § 1983, because he sought "correction of clerical, and/or ministerial failures regarding his sentencing order," which failures prevented him from accessing the sentencing transcript. Pl.'s Mot. to Amend, 2. Upon review, the court recognized that a cause of action under 42 U.S.C. § 1983 may lie, and by order filed September 16, 2004, the court granted plaintiff's motion for reconsideration.

Plaintiff paid the full filing fee on October 15, 2004, and plaintiff's complaint was ordered filed on October 27, 2004.[7] Plaintiff filed a motion to dismiss defendant Combs on February 25, 2005. The court granted plaintiff's motion and dismissed defendant Combs by order filed March 11, 2005.[8]

---

[7]Plaintiff sought to add Governor Mark Warner as a defendant by motion filed October 20, 2004. By order filed October 27, 2004, Governor Warner was added as a defendant pursuant to Federal Rules of Civil Procedure 15(a), but then immediately dismissed as a defendant because plaintiff alleged no harmful conduct on the part of the governor and respondeat superior does not apply to 42 U.S.C. § 1983 claims. See Monell v. Dep't Soc. Servs. of New York, 436 U.S. 658, 692-94 (1978)

[8]Accordingly, the court will not address the claims that plaintiff brought against Combs. The only remaining defendants are Crane and Maxey.

On March 14, 2005, defendant Maxey filed a motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings, with a supporting brief. Maxey asserted several grounds for judgment on the pleadings, including that habeas corpus is plaintiff's sole avenue of relief and that Maxey is entitled to judicial and qualified immunity. On April 8, 2005, defendant Crane submitted a motion to dismiss with a supporting brief, which brief incorporated by reference defendant Maxey's brief in support of his Rule 12(c) motion. By order entered May 19, 2005, the court noted that defendants' supporting exhibits may not be considered in a Rule 12(c) motion, and the court construed both motions as motions for summary judgment and allowed defendants Maxey and Crane to supplement their motions within twenty (20) days from the date of the order. Defendant Maxey submitted a supplemental brief in support of his motion with an accompanying affidavit on June 9, 2005. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff was given an opportunity to respond to defendants' motions with any material that he wished to offer in rebuttal. Plaintiff was advised that failure to submit any materials could result in an adverse judgment based on defendants' motions and accompanying affidavits. Plaintiff has not submitted any response. Accordingly, this matter is ripe for determination.

## II. Summary Judgment Standard

Summary judgment under Rule 56 is appropriate only when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986); Terry's Floor Fashions v. Burlington Indus., 763 F.2d 604, 610 (4th Cir. 1985).  Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial.  Celotex Corp., 477 U.S. at 322-24.  Such facts must be presented in the form of exhibits and sworn affidavits.  Failure by plaintiff to rebut defendants' motion with such evidence on his behalf will result in summary judgment when appropriate.  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322.

A mere scintilla of evidence is not sufficient to withstand a motion for summary judgment.  Rather, the evidence must be such that the fact finder reasonably could find for the nonmoving party.

See <u>Anderson</u>, 477 U.S. at 252. Although the court must draw all justifiable inferences in favor of the nonmoving party, in order to successfully defeat a motion for summary judgment, a nonmoving party cannot rely on "mere belief or conjecture, or the allegations and denials contained in his pleadings." <u>Doyle v. Sentry Ins.</u>, 877 F. Supp. 1002, 1005 (E.D. Va. 1995) (citing <u>Celotex</u>, 477 U.S. at 324). Because plaintiff has failed to meet this burden, the court **GRANTS** defendants' motions for summary judgment.

### III. Facts

Plaintiff is incarcerated at Southampton Correctional Center. He pled guilty in 1992 in the Circuit Court for Powhatan County to charges of attempted rape and malicious wounding. He was also found guilty of breaking and entering with a deadly weapon with intent to commit rape. According to the written sentencing order submitted by defendant Maxey, a sentencing hearing was held on November 5, 1992, and plaintiff was sentenced to the following terms of imprisonment in the Virginia State Penitentiary: ten (10) years for attempted rape; twenty (20) years for malicious wounding; and fifty (50) years, with thirty (30) of these years suspended, for breaking and entering with a deadly weapon with intent to commit rape. Defs.' Ex. 1. The terms were to be served consecutively, resulting in a total time to serve of fifty (50) years. <u>Id.</u> The sentencing judge signed and dated the sentencing guidelines form after the sentence was pronounced; that form

indicated that plaintiff effectively was given fifty (50) years of incarceration to serve. Defs.' Ex. 2. Plaintiff did not appeal his convictions and sentences, and no transcript of his sentencing hearing was prepared.

Plaintiff claims that he does not recall his sentencing because he was on medication for depression and suicidal ideation. Compl. at 4. However, plaintiff's parents, who were witnesses to his sentencing, recall the oral pronouncement of plaintiff's sentence. They recall that plaintiff received a sentence of fifty (50) years with twenty (20) years suspended, for a total of thirty (30) years to serve. Pl.'s Ex. F-H.

During a telephone conversation between plaintiff and his father, Howard Morris, in October of 2002,[9] plaintiff reminded his father that he had fifty (50) years to serve. Pl.'s Ex. H. Howard Morris told his son that the sentence was fifty (50) years with twenty (20) years suspended, leaving only thirty (30) years to serve. Id. Plaintiff's mother, Mary Morris, recalls the same pronouncement. Pl.'s Ex. G. Believing his parents' recollection to be true, plaintiff attempted to procure the sentencing record and the stenographic notes from the sentencing.

---

[9] The Affidavit of Howard Morris states the conversation occurred during October of 2003. However, plaintiff's complaint avers that the conversation occurred during October of 2002. Plaintiff began his efforts to obtain his sentencing records before October of 2003. Accordingly, it appears that the correct date is October of 2002.

9

Plaintiff requested the sentencing record from Maxey. Maxey provided plaintiff with copies of the case file on April 17, 2003. Compl. at 5. Plaintiff asserts in his complaint that he did not receive a sentencing order from Maxey. Compl. at 5. According to plaintiff, defendant Maxey did not respond to subsequent requests for the sentencing order, including one request accompanied by $3.00 for copying. Id.[10]

On December 4, 2003, plaintiff retained the services of a court reporter to transcribe the stenographic notes from his sentencing hearing. Crane wrote to plaintiff, on December 22, 2003, informing plaintiff that the court reporter's records of the case had been destroyed in 2002 in accordance with Code of Va. Ann. § 19.2-165. Compl. Ex. L. As previously detailed, that code section allows for the destruction of notes or transcriptions after ten (10) years, if no appeal is taken.[11]

## IV. Analysis

Defendants seek summary judgment on several grounds. The court finds the only grounds that require discussion are: (A) habeas corpus is plaintiff's sole avenue of relief; and (B)

---

[10] Plaintiff attempts to raise a claim regarding the failure to return his $3.00. However such a claim is frivolous. Nagy v. FMC Butner, 376 F.3d 252 (4th Cir. 2004)(finding claim for $25.00 frivolous). Moreover, Maxey sent plaintiff a copy of the sentencing order as an attachment to his Affidavit. Defs.' Ex. 1. Accordingly, plaintiff's request for a copy of that document is now moot.

[11] See supra note 2 for text of statute.

10

defendants are entitled to qualified immunity.[12]

## A. Habeas Corpus is Not Plaintiff's Sole Avenue of Relief

Defendants contend that this action should be dismissed because plaintiff is attacking the validity of his sentence, and thus, this action should have been brought as a petition for a writ of habeas corpus. Defendants' argument is unavailing. Plaintiff's claim is that § 19.2-165 allows for the destruction of the notes of his sentencing hearing, whereas § 17.1-213 requires that the criminal case file be maintained until the end of plaintiff's sentence term. Plaintiff asserts that the destruction of the sentencing notes has eliminated evidence that plaintiff might have been able to use in an action under § 8.01-428 for the correction of a clerical error. Thus, plaintiff alleges that the destruction of the sentencing notes pursuant to § 19.2-165 has worked to frustrate plaintiff's access to the courts, thereby denying him due process, to which he is entitled to relief under 42 U.S.C. § 1983.

Moreover, success in this action would not call into question the validity of plaintiff's sentence. Even if it was determined that § 19.2-165 violates due process, this would not change plaintiff's sentence. Assuming <u>arguendo</u> that plaintiff was attempting to obtain the sentencing notes through this action, and his ultimate hope was that his sentence would be corrected, habeas

---

[12]Maxey asserts defenses to a claim that he erred in preparing the written sentencing order. However, plaintiff has not raised that claim. Therefore, the court will not address this issue.

corpus would not be plaintiff's sole avenue of relief.  In <u>Wilkinson v. Dotson</u>, 544 U.S. ____, 125 S. Ct. 1242 (2005), the Supreme Court addressed a situation where two Ohio prisoners sought to invalidate parole procedures, with the hope that once those procedures were invalidated they could be considered for parole, and thus, possibly gain earlier release.  Ohio claimed that habeas corpus was the sole avenue for the prisoners' claim.  The Court found that:

> The problem with Ohio's argument lies in its jump from a true premise (that in all likelihood the prisoners hope these actions will help bring about earlier release) to a faulty conclusion (that habeas is their sole avenue for relief).  A consideration of this Court's case law makes clear that the connection between the constitutionality of the prisoners' parole proceedings and release from confinement is too tenuous here to achieve Ohio's legal door-closing objective.

<u>Id.</u> at 1246.  The Court made it clear that habeas corpus is the sole avenue of relief, only when an attack on the conviction or sentence is direct or, if indirect, a judicial determination would necessarily imply the unlawfulness of the conviction or sentence.  <u>Id.</u> at 1247.  Here plaintiff ultimately would be seeking a correction in his sentence not a declaration of invalidity.

Finally, were plaintiff able to obtain the stenographic notes through this action, those notes may or may not show that the sentencing order differs from the oral pronouncement of plaintiff's sentence.  The sentencing record that still exists shows that plaintiff did receive a fifty (50) year sentence, with thirty (30)

years suspended, but that plaintiff also received two other sentences to run consecutively. Plaintiff's parents may remember only a part of the sentencing hearing. Thus, a reduced sentence as a consequence of this action is too tenuous to require that plaintiff file a petition for a writ of habeas corpus, albeit the statute of limitations has already run on such an action.

B.  Good Faith Qualified Immunity

Qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In Siegert v. Gilley, 500 U.S. 226 (1991), the United States Supreme Court observed:

> A necessary concomitant to the determination of whether the constitutional right asserted by the plaintiff is "clearly established" at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all. Decision of this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits.

Id. at 232. The Supreme Court has held that "a ruling on the issue of qualified immunity should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." Saucier v. Katz, 533 U.S. 194, 200 (2001).

13

The defense of qualified immunity may be a basis for summary judgment, if there are no material facts in issue. Harlow, 457 U.S. at 815-16; see Torchinsky v. Siwinski, 942 F.2d 257, 261 (4th Cir. 1991) ("[A] particularly appropriate procedure for determining an official's entitlement to qualified immunity is summary judgment."). The United States Court of Appeals for the Fourth Circuit has stated that "[w]here the acts alleged by the plaintiff do constitute a violation of clearly established rights, a defendant is entitled to summary judgment if the record does not create a genuine issue as to whether the defendant in fact committed those acts." Turner v. Dammon, 848 F.2d 440, 443 (4th Cir. 1988); see Mensh v. Dyer, 956 F.2d 36, 39 (4th Cir. 1991). As none of the material facts at issue are disputed, the court will evaluate the claim of qualified immunity.

The Fourth Circuit has held that the following three-tiered test is proper in analyzing a qualified immunity defense:

> [I]t is therefore necessary [1] to identify the specific constitutional right allegedly violated, [2] then to inquire whether at the time of the alleged violation it was clearly established, [and 3] then further to inquire whether a reasonable person in the official's position would have known that his conduct would violate that right.

Collinson v. Gott, 895 F.2d 994, 998 (4th Cir. 1990) (Phillips, J., concurring). As a threshold matter, the court must determine if a constitutional right has been violated. Saucier, 533 U.S. at 201. If the court concludes that no constitutional right was violated,

there is no need to continue through the remainder of the inquiry into qualified immunity. Id.  Plaintiff in this matter fails to establish that a constitutional right was violated, so the latter two tiers of the analysis are unnecessary.

The crucial issue in this case is whether plaintiff had a due process right to the maintenance of a verbatim record of his sentencing hearing for the duration of his sentence. Plaintiff has cited no cases that suggest such a right exists.  An extensive search of case law by this court has not revealed any such recognized due process right.  On the contrary, although this exact situation does not seem to have arisen previously, the case law suggests that plaintiff had no such due process right.

In the context of a habeas challenge to a sentence enhancement, based on a prior conviction for which records no longer existed, the Supreme Court stated:

> Evidently, no transcripts or other records of the earlier plea colloquies exist at all.  Transcripts of guilty plea proceedings are normally made in Kentucky only if a direct appeal is taken or upon the trial judge's specific direction and the stenographer's notes and any tapes made of the proceedings normally are not preserved more than five years.  The circumstance of a missing or nonexistent record is, we suspect, not atypical, particularly when the prior conviction is several years old.

Parke v. Raley, 506 U.S. 20, 30 (1992) (internal citation omitted). In that case, the Court did not find the destruction of the transcript and stenographic notes to be unusual, much less to be a violation of the petitioner's due process rights.  Even on direct

15

appeal, a missing or lost transcript is not a constitutional violation warranting reversal, without a showing of prejudice. United States v. Gillis, 773 F.2d 549, 554 (4th Cir. 1985).[13]

Plaintiff had ten (10) years in which he could have obtained a transcription of the stenographic notes and sought correction of his sentence, should such a transcript have shown that an error had occurred. However, due process does not require the state to assure plaintiff limitless time in which to correct error or challenge his sentence.

> These vehicles for review . . . are not available indefinitely and without limitations. A defendant may choose not to seek review of his conviction within the prescribed time. Or he may seek review and not prevail, either because he did not comply with procedural rules or because he failed to prove a constitutional violation. In each of these situations, the defendant's conviction becomes final and the State that secured the conviction obtains a strong interest in preserving the integrity of the judgment.

Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394 (2001). Plaintiff had an opportunity to challenge his sentence or correct the sentencing order, and he did not timely avail himself of this right.

Plaintiff asks this court to invalidate a state statute based on its application in a case where plaintiff does not recall his sentencing hearing, where neither plaintiff's attorney nor the

---

[13]Moreover, in the case at bar, there is no clear indication, or any supporting evidence, that plaintiff's parents' recall of the sentencing hearing is correct.

16

sentencing judge found that the sentencing order differed from the oral pronouncement, and where plaintiff apparently did not discuss the length of his sentence with either his parents or any other witnesses for approximately ten (10) years. Due process is not breached when plaintiff had a significant period of time in which to discover and correct the alleged error.

The court finds that plaintiff's complaint does not state a violation of constitutional rights. Therefore, the court need not proceed with the remainder of the qualified immunity analysis.[14]

### V. Conclusion

For the foregoing reasons, defendants' motions for summary judgment are **GRANTED**. Plaintiff is advised that he may appeal from this Opinion and Final Order by forwarding a written notice of

---

[14] In actuality, there is no indication or allegation that either defendant violated the statutes at issue. Maxey maintained the criminal case file he had for plaintiff, and continues to do so, thereby following the dictates of Va. Code Ann. § 17.1-213(C). See supra note 3 for text of statute. Plaintiff asserts that Crane destroyed the stenographic notes of his sentencing hearing pursuant to Va. Code Ann. § 19.2-165. See supra note 2 for text of statute. That statute vests such destruction in the Clerk, not in the court reporter. However, whether the notes were filed by Crane as required by § 19.2-165, or destroyed by Crane or Maxey after ten years under the same code section, is not relevant here because a violation of state law is not the equivalent of a claim under federal law or the Constitution, and is not cognizable under 42 U.S.C. § 1983, absent the exercise of supplemental jurisdiction by the court. See Jordahl v. Democratic Party of Virginia, 122 F.3d 192, 203 (4th Cir. 1997). Moreover, plaintiff bases his complaint on the fact that Maxey and Crane followed the dictates of the state code provisions. Plaintiff's assertion is that the state statutory provisions themselves conflict. However, the court does not find that a conflict exists such that plaintiff's due process rights were violated, given the facts of his case as addressed herein.

17

appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this order. Should plaintiff wish to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to send a copy of this Opinion and Final Order to plaintiff and counsel for defendants.

IT IS SO **ORDERED.**

/s/Rebecca Beach Smith
_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

November 1, 2005